IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEASONS HOSPICE, et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 13-63-RGA |
| AETNA INC., | : |
| Defendant. | : |

**MEMORANDUM ORDER**

According to the Complaint, the Defendant is an ERISA claims administrator, and the Plaintiff is a provider of unskilled services to home-bound patients. Plaintiff alleges that for two years, Defendant advised that these services were covered by the ERISA plan, and Plaintiff relied upon these representations in providing about $800,000 of such services to sixteen plan participants. Plaintiff says it is out $672,424, as it turns out that such services are not covered by the plan. Plaintiff brings suit, alleging three Delaware law claims: promissory estoppel, negligent misrepresentation, and equitable estoppel. Defendant has filed a motion to dismiss. (D.I. 5).

Defendant argues that the state law claims are "completely preempted," citing 29 U.S.C. § 1132(a)(1)(B). There is no Third Circuit authority directly on point. I do not believe the state law claims are completely preempted. *See Marin Gen'l Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 947-50 (9th Cir. 2009); *Franciscan Skemp Healthcare, Inc. v. Central States Joint Board Health & Welfare Trust Fund*, 538 F.3d 594 (7th Cir. 2008).

Defendant argues that the state law claims are "expressly preempted," citing 29 U.S.C. § 1144(a). Again, there is no Third Circuit authority directly on point. I do not believe the state

law claims are expressly preempted. *See Access Mediquip L.L.C. v. UnitedHealthCare Ins. Co.*, 662 F.3d 376, 383-86 (5th Cir. 2011), *aff'd en banc*, 698 F.3d 229 (5th Cir. 2012); *Oak Brook Surgical Centre, Inc. v. Aetna, Inc.*, 863 F.Supp.2d 724 (N.D. Ill. 2012).

In view of the above, the arguments about exhaustion of remedies and the right to a jury trial are moot. Further, the request for a more definite statement is not well-taken, and is therefore denied.

Defendant also argues that the "negligent misrepresentation" count is defective as it does not allege a "pecuniary duty" on Defendant's part, is barred by the "economic loss doctrine," and, as a tort, cannot be pursued when Plaintiff's claims arise from a contract. Plaintiff's Brief (D.I. 8, at 20) does not convince me that it has alleged a "pecuniary duty." Defendant's Briefs suggest that "pecuniary duty" refers to the Defendant having some "skin in the game." If this is what is meant by "pecuniary duty," then I do not think Plaintiff has so alleged. Neither party explores what is meant by "pecuniary duty." Thus, while not entirely convinced by Defendant's argument on "pecuniary duty," I think Defendant has the better of it, and therefore I will dismiss the negligent misrepresentation count without prejudice. I do not state an opinion on the "economic loss doctrine." I do not think the claims arise from the ERISA plan (that is, a contract) and thus I do not think the Defendant's third argument is well-taken.

In view of the above, this 4th day of March 2013, IT IS HEREBY ORDERED that the Motion to Dismiss (D.I. 5) is **GRANTED IN PART AND DENIED IN PART**. Count II (negligent misrepresentation) is **DISMISSED WITHOUT PREJUDICE**. The balance of the Motion to Dismiss is **DENIED**.

*[signature]*
United States District Judge